Filed 9/5/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>       v.<br><br>IGNACIO RUIZ, JR.,<br><br>    Defendant and Appellant. | G062596<br><br>(Super. Ct. No. 08WF0147)<br><br>O P I N I O N |

        Appeal from an order of the Superior Court of Orange County, Jonathan S. Fish, Judge. Reversed.

        Paul R. Kraus, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Randall D. Einhorn and Susan Elizabeth Miller, Deputy Attorneys General, for Plaintiff and Respondent.

*       *       *

In August 2010, Defendant Ignacio Ruiz, Jr., was sentenced to life in prison without the possibility of parole for crimes he committed at the age of 16. In March 2023, Ruiz filed a petition for resentencing under section 1170, subdivision (d). This statute allows persons sentenced to life in prison without the possibility of parole for crimes they committed as minors to petition for resentencing after they have "been incarcerated for at least 15 years." (Pen. Code, § 1170, subd. (d)(1)(A).)[1] The trial court calculated Ruiz's period of incarceration based on the date of his sentencing, found he had not yet been incarcerated for 15 years, and denied the petition on its face.

On appeal, Ruiz contends the court miscalculated the length of his incarceration. He asserts he became incarcerated in January 2008, when he was taken into custody for the charges underlying his life sentence. Thus, he had already been incarcerated for 15 years when he petitioned for relief in March 2023. The Attorney General agrees with Ruiz's argument, and so do we. As such, the court's order is reversed.

We publish this case since there does not appear to be any authority interpreting the meaning of "incarcerated" in section 1170, subdivision (d)(1)(A).

STATEMENT OF FACTS AND PROCEDURAL HISTORY

In January 2008, Ruiz participated in an attack on rival gang members, which killed one person. Ruiz was 16 years old at the time. A jury found him guilty of first degree murder, attempted murder, and street terrorism. Several gang and firearm enhancements and special circumstance allegations were also found to be true.

---

[1] All further undesignated statutory references are to the Penal Code.

On August 30, 2010, the court sentenced Ruiz to life in prison without the possibility of parole for the murder charge, a consecutive term of life in prison with the possibility of parole for the attempted murder charge, and a consecutive term of 25 years to life for the firearm enhancement attached to the murder charge. The court stayed Ruiz's sentence on the street terrorism charge and struck the gang enhancement tied to the murder charge for sentencing purposes only. It also imposed a concurrent two-year term for the gang enhancement tied to the attempted murder charge. Ruiz was resentenced in 2016, but he was given nearly the same sentence as before. The court changed Ruiz's sentence on the gang enhancement tied to the attempted murder charge and imposed a consecutive 15-year term instead of a concurrent two-year term.

In March 2023, Ruiz filed a petition for resentencing (the petition) under section 1170, subdivision (d). This section provides, "When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole *has been incarcerated for at least 15 years*, the defendant may submit to the sentencing court a petition for recall and resentencing." (§ 1170, subd. (d)(1)(A, italics added.) A petition for relief under section 1170, subdivision (d), must contain several statements (§ 1170, subd. (d)(2)), which Ruiz included in the petition.[2]

---

[2] Specifically, Ruiz stated he (1) was under 18 years of age when he committed the relevant crime, (2) did not have any prior juvenile felony adjudications for assault or other felony crimes with a significant potential for personal harm to victims, (3) committed the offense with at least one adult codefendant, and (4) had performed acts indicating rehabilitation or the potential for rehabilitation. He also attached a statement of remorse and documentation of his rehabilitation efforts to the petition.

3

The court denied the petition on its face, finding Ruiz was "statutorily ineligible for relief at the present time" because he had not yet been incarcerated for 15 years. It explained, "[Ruiz] was sentenced to prison on 08/30/10. [He] is ineligible for consideration for resentencing until at least 2025."

On appeal, Ruiz argues the court miscalculated the length of his incarceration by using his sentencing date as the starting point. He contends his incarceration period began on January 29, 2008, when he was placed in custody for the relevant charges (he has been in continuous custody since then). Based on this date, Ruiz asserts he had been incarcerated for more than 15 years when he filed the petition. The Attorney General agrees and believes this matter should be remanded to the trial court for reconsideration of the petition.

DISCUSSION

Ruiz's argument requires us to interpret section 1170, subdivision (d)(1)(A). Specifically, we must determine when a defendant becomes "incarcerated" under the statute. Questions of statutory interpretation are reviewed de novo. (*People v. Gonzalez* (2017) 2 Cal.5th 1138, 1141.) In interpreting a statute "'[o]ur fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. . . .  If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.'" (*Sierra Club v. Superior Court* (2013) 57 Cal.4th 157, 165–166.)

4

Here, the statute allows defendants to file petitions for resentencing after they have "been incarcerated for at least 15 years." (§ 1170, subd. (d)(1)(A).) It does not define "incarcerated." "Absent 'a specific statutory definition of [that term,] we may "look to [its] plain meaning . . . as understood by the ordinary person, which would typically be a dictionary definition."'" (*People v. Walker* (Aug. 15, 2024, S278309) __ Cal.5th __ [2024 WL 3819098, at p. *6].)

A review of several dictionaries shows the plain meaning of "incarcerated" is to put a person in jail or prison. (Merriam-Webster's Dict. Online (2024) < https://www.merriam-webster.com/dictionary/incarcerated> [as of Aug. 19, 2024], archived at https://perma.cc/6ARY-3PEJ [defining "incarcerated" as "confined in a jail or prison"]; Cambridge Dict. Online (2024) <https://dictionary.cambridge.org/us/dictionary/english/incarcerate> [as of Aug. 19, 2024], archived at https://perma.cc/Q6BQ-UBPT [defining "incarcerate" as "to put or keep someone in prison"].) Indeed, in interpreting another statute, one court has stated that "[t]he plain meaning of incarcerated is jailed." (*Edgar O. v. Superior Court* (2000) 84 Cal.App.4th 13, 17 [interpreting Welfare and Institutions Code section 361.5, subd. (e)(1)].)

The trial court believed Ruiz became "incarcerated" when he was sentenced. But the Legislature did not use the word "sentenced" in section 1170, subdivision (d)(1)(A). Instead, it used the word "incarcerated." "[T]he words the Legislature chose are the best indicators of its intent." (*Freedom Newspapers, Inc. v. Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 826.) Based on the plain meaning of "incarcerated," Ruiz's period of incarceration for purposes of a section 1170, subdivision (d)(1)(A), began to run on January 29, 2008. On that date, Ruiz was placed in jail, *i.e.*, incarcerated, for the relevant charges and has remained in jail since then. By

5

the time he was formally sentenced in August 2010, he had already been incarcerated for over two-and-a-half years.

Because the statute's plain meaning is clear, we need not review the legislative history of section 1170, subdivision (d). Regardless, we note the statute's history supports our interpretation. It shows the Legislature's use of "incarcerated" was meant to clarify that the 15-year eligibility period was not based a defendant's sentencing date. Prior to January 1, 2017, the statute allowed defendants to petition for resentencing when they "*ha[d] served at least 15 years of [their] sentence.* (Former Pen. Code, § 1170, subd. (d)(1)(A)(i), Stats. 2015, ch. 378, § 1, eff. Jan. 1, 2016, italics added.) However, effective January 1, 2017, this language was changed by Senate Bill No. 1084 (SB 1084) so a defendant could petition for resentencing after being "incarcerated for at least 15 years." A legislative report of SB 1084 explains this revision was intended to "clarif[y] language that has caused some confusion in the courts in the following ways: [¶] 'Clarif[y] that the person convicted for a crime committed while under the age of 18 and sentenced to LWOP can submit a petition after he or she *has been incarcerated* at least 15 years.'" (Sen. Third Reading of Sen. Bill No. 1084 (2015-2016 Reg. Sess.) Aug. 18, 2016, p. 2, italics added.)

Here, the record shows Ruiz has been continuously incarcerated for the underlying offenses since January 29, 2008. He filed the petition in March 2023, more than 15 years after his period of incarceration had begun. As such, the trial court erred in denying the petition.

## DISPOSITION

The order is reversed. On remand, the trial court should consider the petition as set forth in section 1170, subdivision (d)(1)(A).


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.

7